## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| Antony Phillips<br><br>     Plaintiff,<br><br>v.<br><br>B&T Financial Services, LLC<br><br>     Defendant. | Case No.  1:12-cv-00042<br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br><br>**JURY DEMAND ENDORSED HEREIN** |

### PARTIES

1. Plaintiff is a natural person who resided in Dayton, OH at all times relevant to this action.

2. Defendant is a Maryland limited liability company that maintained its principal place of business in Germantown, MD at all times relevant to this action.

### JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

4. Pursuant to 28 U.S.C. §1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

### STATEMENT OF FACTS

5. At all times relevant to this action, Defendant engaged in the business of consumer debt collection.

6. Defendant regularly uses the telephone and mail to collect consumer debts that Defendant either purchased or had been hired to collect.

7.  The principal source of Defendant's revenue is debt collection.

8.  Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

9.  As described below, Defendant contacted Plaintiff about an obligation that Plaintiff allegedly owed to Home Depot, which had been incurred for personal rather than commercial purposes.

10. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

11. As described below, Defendant attempted to collect the debt from Plaintiff, and in so doing, has alleged that Plaintiff owed the debt.

12. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

13. On or around August 24, 2011, Defendant telephoned Plaintiff in connection with the collection of the debt. During this communication, Plaintiff requested that Defendant telephone Plaintiff's wife for Plaintiff's attorney's information. Defendant refused to telephone Plaintiff's wife and threatened to sue Plaintiff if Plaintiff failed to make a payment of $1,500 on the debt within 10 days.

14. At the time of these communications, Defendant had neither the intent nor ability to sue Plaintiff.

15. Defendant caused Plaintiff emotional distress.

16. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

17. Defendant violated 15 U.S.C. §1692e by using false, deceptive, or misleading representations or means in connection with the collection of the debt.

18. In support hereof, Plaintiff incorporates paragraphs 13-14 as if specifically stated herein.

## JURY DEMAND

19. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

20. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages, and costs and

   reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. For such other legal and/or equitable relief as the Court deems appropriate.


RESPECTFULLY SUBMITTED,

Macey Bankruptcy Law, P.C.

By: */s/ Jeffrey S. Hyslip*
    Jeffrey S. Hyslip
    233 S. Wacker
    Sears Tower, Suite 5150
    Chicago, IL 60606
    Telephone: 1.866.339.1156
    jhyslip@maceybankruptcylaw.com
    *Attorneys for Plaintiff*